UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DANIEL ANDRADE MENDOZA,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>KAREN ABOWD, et. al.,<br><br>　　　　　　　　　　　Defendants. | Case No. 3:17-cv-00160-MMD-WGC<br><br>**REPORT & RECOMMENDATION OF<br>U.S. MAGISTRATE JUDGE** |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Plaintiff's Application to Proceed in Forma Pauperis (IFP) (ECF No. 1) and pro se Complaint (ECF No. 1-1).

## I. IFP APPLICATION

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

In addition, the Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"'[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some

particularity, definiteness and certainty.'" *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

> When a prisoner seeks to proceed without prepaying the filing fee:
> [I]n addition to filing the affidavit filed [as described above], [the prisoner] shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

28 U.S.C. § 1915(a)(2). Notwithstanding the foregoing:

> (1) ... [I]f a prisoner brings a civil action...[IFP], the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of --
> (A) the average monthly deposits to the prisoner's account; or
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint of notice of appeal.
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(1), (2).

Plaintiff's certified account statement indicates that his average monthly balance for the last six months is $42.48, and his average monthly deposits are $51.67.

Plaintiff's application to proceed IFP should be granted. He should be required to pay an initial partial filing fee in the amount of $10.33 (20 percent of $51.67). Thereafter, whenever his prison account exceeds $10, he should be required to make monthly payments in the amount of twenty percent of the preceding month's income credited to his account until the filing fees are paid.

## II. SCREENING

### A. Standard

"The court shall dismiss the case at any time if the court determines that ... the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or

- 2 -

(iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). This provision applies to all actions filed IFP, whether or not the plaintiff is incarcerated. *See Lopez*, 203 F.3d at 1129; *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

In addition, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or office or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) track that language. Thus, when reviewing the adequacy of a complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) or 28 U.S.C. § 1915A(b)(1), the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter,* 668 F.3d 1108, 1112 (9th Cir. 2012). Review under 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

In reviewing the complaint under this standard, the court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" Hughes v. Rowe, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally

- 3 -

cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice & Procedure § 1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. See Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

Plaintiff names the following defendants: Karen Abowd (Supervisor Ward 1), Lori Bagwell (Supervisor Ward 3), John Barrette (Supervisor Ward 4), Brad Bonkowski (Supervisor Ward 2), Robert Crowell (Mayor), Susan Meriwether (District Court Clerk), James Wilson (District Court Judge), Jason Woodbury (Carson City District Attorney). (ECF No. 1-1 at 1-4.)

Generally, Plaintiff claims he was discriminated against because of his race and national origin with respect to the policies and practices applicable to Chapter 34 Nevada post-conviction habeas petitions, and that the judge, court staff and assigned district attorney conspired to unnecessary delay resolving his petition and failed to properly serve him. The Complaint contains three counts and numerous exhibits, which the court will now address in turn.

**1. Count I**

In Count I, Plaintiff alleges that his rights were violated under 42 U.S.C. § 1981 and the Fourteenth Amendment. (ECF No. 1-1 at 6.) He states that he was denied the full and equal benefit of Nevada's habeas corpus statute and sentencing laws because he is a Mexican alien. (*Id.*) Specifically, he claims that he filed a state post-conviction petition for writ of habeas corpus on May 6, 2010, in the First Judicial District Court of the State of Nevada in and for the County of Carson City, and on May 11, 20 0, the court issued an order for the Carson City District Attorney to respond by June 24, 2010. (ECF No. 1-1 at 6, 19-20.) After six years and six months of trying to get relief from the court, Nevada Attorney General's Office, the Mexican consulate and embassy, the federal court and FBI, on November 16, 2016, Plaintiff filed a petition for writ of

mandamus with the Nevada Supreme Court, asking for an order that the First Judicial District Court schedule a resentencing hearing and/or other relief to "comply with the speedy process of [his] habeas corpus which [had] been on the docket for five (5) years." (ECF No. 1-1 at 6, 22.) On December 16, 2016, the Nevada Supreme Court issued an order denying the petition. (ECF No. 1-1 at 6, 25-26.) The Nevada Supreme Court stated that Plaintiff did not meet his burden of demonstrating intervention was warranted as the relief sought required the resolution of factual issues. (*Id.* at 25.) In a footnote, the Nevada Supreme Court stated the following:

> Although it is not clear at this time that our intervention is warranted, we are concerned with the alleged delay in resolving petitioner's postconviction habeas petition. Petitioner has not provided a file-stamped copy of the postconviction petition, but he represents that it has been pending in the district court for five years. Other documents submitted with this writ petition indicate that new postconviction counsel, Michael Novi, was appointed in March or April 2015, but that he has not supplemented the petition or taken any other action. We expect that respondents will take appropriate action to ensure that this matter is resolved expeditiously.

(*Id.*) Judge James E. Wilson, Michael C. Novi, the Carson City District Attorney, the Attorney General, and Carson City Clerk were copied on the order. (*Id.* at 26.)

Plaintiff claims that the Supreme Court's order triggered the local court to hold a belated evidentiary hearing (six years and eight months later). (ECF No. 1-1 at 6.) He claims that this violated his rights to a speedy process under the Fifth and Sixth Amendments, as well as his right under the First Amendment to redress of grievances. (*Id.*) He goes on to assert that this delay had the effect of depriving him of an opportunity for review of his case in the federal courts as the almost seven-year delay "has eaten into" his statute of limitations. (ECF No. 1-1 at 7.) He claims that he faces "exportation" at the end of his sentence, and as such, the delays have foreclosed future legal action which he claims, if successful, might qualify him for amnesty and the opportunity to stay as a citizen. (*Id.*) He states that the delay of getting into federal court has foreclosed the possibility of shortening his sentence and return to freedom. (*Id.*) He claims that through discovery, he will be able to show a pattern of deliberate delay. (*Id.*)

Plaintiff further alleges that he can show tacit approval of Judge Wilson as there is a judicial policy of giving clerks power to approve all stipulated motions for continuances, and that the judge orders clerks to not provide copies of these actions directly to represented inmates. (*Id.*) He alleges

1  that Judge Wilson "silent[ly] consent[ed]" to the District Attorney's delay tactics, and as such

2  advanced "nativist and racist" policies. (ECF No. 1-1 at 9.)

3         Plaintiff goes on to aver that data will show that less "substantial assistance" reduction is

4  given to Mexican aliens. (ECF No. 1-1 at 10.)

5         He sent a notice of violation to the court dated May 12, 2014. (ECF No. 1-1 at 28.) He

6  states that ADKT 160, Commisson to Study Racial and Economic Bias in the Nevada Criminal

7  Justice Administration confirmed the existence of bias, which led to indigent defense standards.

8  (*Id.*) He states that it is the court's duty to assist the Nevada Supreme Court Chief Justice's Office

9  in making sure indigents are not "duped and neglected." (*Id.*) On June 10, 2014, he filed an

10  "Administrative Complaint to Chief Judge Against Denial of Access to Justice." (ECF No. 1-1 at

11  30-35.) In that document, he recited that during the pendency of his post-conviction proceeding he

12  had complained of the conduct of his appointed counsel, Robert Walker. (*Id.*) He reference a

13  grievance dismissal letter from State Bar counsel Patrick O. King. (*Id.* at 31.) He states that since

14  September 24, 2012, Walker met with him once prior to the hearing. (*Id.* at 31-32.) He advised the

15  court that the hearing had been rescheduled four or five times, and the notices of rescheduling were

16  not served on him, by his attorney or the court clerks. (*Id.* at 32.) Plaintiff alleges that he got no

17  response to either filing. (ECF No. 1-1 at 10.) From this he avers that one can adduce a policy of

18  deliberate procedural obstruction on behalf of the court. (*Id.*)

19         For the reasons stated below, the court finds that Plaintiff fails to state any cognizable claim

20  for relief under Count I.

21         To the extent Plaintiff invokes 42 U.S.C. § 1981, his claim should be dismissed. That

22  statute prohibits race discrimination in the making and enforcing of contracts and prohibits

23  discrimination against whites as well as non-whites. *See McDonald v. Santa Fe Trail Transp. Co.*,

24  427 U.S. 273, 295 (1976). A habeas petition is not a contract.

25         Insofar as Plaintiff raises issues related to Judge Wilson's and the court's clerk (Susan

26  Meriwether), including alleged failure to respond to filings, approval of stipulations continuing

27  post-conviction hearings and filings, explicitly or implicitly countenancing not serving Plaintiff

28  directly, Judge Wilson and Meriwether, are immune from suit. *See Schucker v. Rockwood*, 846

F.2d 1202, 1204 (9th Cir. 1988) (per curiam) ("Judges are absolutely immune from damages action for judicial acts taken within the jurisdiction of their courts. ... A judge loses absolute immunity only when [the judge] acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature."); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc) ("Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities."); 42 U.S.C. § 1983 (prohibiting the grant of injunctive relief against any judicial officer acting in his or her official capacity "unless a declaratory decree was violated or declaratory relief was unavailable"); *see also Morrison v. Jones*, 607 F.2d 1269, 1273 (9th Cir. 1979) (clerks have absolute quasi-judicial immunity when they perform tasks that are an integral part of the judicial process); *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (judges retain their immunity when they are accused of acting maliciously or corruptly).

Insofar as the District Attorney (Jason Woodbury) is concerned, prosecutorial immunity applies when the attorney is acting pursuant to his official role as advocate for the state performing functions "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *Van de Kamp v. Goldstein*, 555 U.S. 335, 341-43 (2009) (immunity applies when prosecutor prepares to initiate judicial proceeding). Courts have held that this immunity applies to government attorneys handling civil litigation in state or federal court. *See Fry v. Melaragno*, 939 F.2d 832, 837 (9th Cir. 1991) (citation omitted) ("[w]hether the government attorney is representing the plaintiff or the defendant, or is conducting a civil trial, criminal prosecution or an agency hearing, absolute immunity is 'necessary to assure that ... advocates ... can perform their respective functions without harassment or intimidation.'"); *Demery v. Kupperman*, 735 F.2d 1139, 1144 (9th Cir. 1984) (immunity extends to actions during pre-trial and post-trial phase of case). "A prosecutor is absolutely immune 'when performing the traditional functions as advocate.' ... However, he is not entitled to such protection when he is 'cast [ ] in the role of an administrator or investigative officer rather than that of advocate.'" *Torres v. Goddard*, 793 F.3d 1046, 1051 (9th Cir. 2015) (citations omitted) (holding that prosecutor had absolute immunity in the civil forfeiture context).

Even if the judge's, court clerks' and prosecutor's conduct exceeded the boundaries of

absolute immunity, as Plaintiff asserts, Plaintiff still fails to state a colorable claim against them.

Plaintiff claims that the delay in addressing his habeas petition violated his rights to a speedy habeas process, as well as his right under the First Amendment to redress of grievances. The Sixth Amendment guarantees the right to a speedy and public trial in "all criminal prosecutions." U.S. Const. amend. VI. It does not guarantee a right to a speedy state post-conviction habeas proceeding. Nevada Revised Statute 34.390 does state that the that "if it appears that the writ ought to issue, [the judge] shall grant the writ without delay," but there is no authority that the failure to do so gives rise to a federal constitutional claim. Moreover, here, Judge Wilson eventually entered an order denying the petition. Insofar as the delay in filing the response is concerned, the statute provides that it is to be filed "within forty-five days *or a longer period fixed by the judge or justice.*" Nev. Rev. Stat. 34.745(2) (emphasis added). Therefore, the court had discretion to exceed the forty-five day period for filing a response. While the court is sympathetic to and appreciates Plaintiff's frustration with the considerable delay in resolving his petition, it does not give rise to a federal claim.

Insofar as Plaintiff argues that the delay was because of his race or national origin, Plaintiff acknowledges he has no facts or evidence to support his claim that the delays were motivated by his race, but only speculates this is the case. (*See* ECF No. 1-1 at 7-8.)

Plaintiff asserts there were stipulations for continuances, and he said he did not get himself get copies, but implies his attorney had them. The Nevada Revised statute does provide that service of an order for a response to a petition must be served on the petitioner "or the petitioner's counsel." Nev. Rev. Stat. 34.745(3). The statute further provides that the Nevada Rules of Civil Procedure apply to the extent they are not inconsistent with Nevada Revised Statutes 34.360 to 34.830. Nevada Rule of Civil Procedure 5 provides that "[w]henever under these rules service is required or permitted to be made upon a party represented by an attorney, the service shall be made upon the attorney unless the court orders that service be made upon the party." Nev. R. Civ. P. 5(b)(1). Therefore, service by the court and district attorney on Plaintiff's counsel was appropriate, as there is no allegation that the court ordered service be made directly to Plaintiff.

Plaintiff asserts that Judge Wilson silently went along with the delay tactics, advancing

nativist and racist policies, though he does not say what those policies were or identify any facts to support his conclusion. His pure speculation that this is the case is not sufficient to state a plausible claim for relief.

Plaintiff contends that he got no response to his filings where he told the court that it was the court's duty to assist the Nevada Supreme Court Chief Justice's Office in making sure indigents are not "duped and neglected, and about his concerns with his attorney, and that this supports his claim that the judge had a policy of obstructing proceedings. This, however, is not factually indicative of any such policy. This only shows Plaintiff did not get a response to these two filings, and does constitute a federal claim.

Insofar as Plaintiff is raising the conduct of his initial post-conviction appointed counsel, he may have a state law claim against his attorney (or it may be relevant to an equitable tolling argument in any federal habeas proceeding he chooses to file), but the allegations do not give rise to a federal claim for relief.

To the extent Plaintiff claims that he was precluded in some way from seeking federal relief, federal law requires exhaustion of state remedies before a federal habeas petition can be brought. 28 U.S.C. § 2254(b)(1)(A). This is so state courts may have "a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts[.]" *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Id. (emphasis added). 28 U.S.C. § 2244(d)(1) provides a one-year statute of limitations deadline for filing federal habeas petitions. The statute determines when the statute of limitations begins to run, and takes into account the circumstances presented by Plaintiff:

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by

the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In any case, the federal habeas statute provides statutory tolling for a state prisoner while he completes state court proceedings on a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim[.]" 28 U.S.C. § 2244(d)(2).

The court takes judicial notice of the Nevada Supreme Court's record dated March 31, 2017, which is an order denying rehearing of Plaintiff's petition for rehearing of the Nevada Supreme Court's decision denying his original petition that sought a writ of mandamus directing respondents to resolve his post-conviction petition for a writ of habeas corpus. (A copy of this decision is attached to this Report and Recommendation.) The decision indicates that the district court held an evidentiary hearing on the post-conviction petition on January 18, 2017, and entered a written order denying the petition on February 23, 2017. (A copy that order, which was filed in the case where Plaintiff appeals the district court's order, is also attached.) The Nevada Supreme Court's docket indicates that Plaintiff filed a notice of appeal from the district court's decision. Therefore, it appears he has yet to complete his state court post-conviction review, and the statutory tolling would still apply.

In sum, Plaintiff states no colorable claim for relief in Count I.

### 2. Count II

In Count II, Plaintiff alleges that his Fourteenth Amendment rights were violated by the First Judicial District Court Clerk operating on a policy of not sending all copies of court documents to the prisoner party, presuming that appointed counsel will provide copies. (ECF No. 1-1 at 11-12.) He asserts that this was ratified by the district attorney. (*Id.*)

As indicated above, clerks have absolute quasi-judicial immunity when they perform tasks that are an integral part of the judicial process, and prosecutors are also entitled to immunity.

Even if this were somehow outside the bounds of quasi-judicial or prosecutorial immunity, Plaintiff does not state a colorable claim because the Nevada Rules of Civil Procedure, which govern post-conviction petitions for relief, provide for service on the prisoner's attorney. *See* Nev.

R. Civ. P. 5(b)(1). Therefore, Plaintiff fails to state a claim for relief in Count II.

### 3. Count III

In Count III, Plaintiff states that his rights under the Equal Protection Clause were violated. (ECF No. 1-1 at 13.) He states that the district attorney was aware of the delays and failed to uphold Plaintiff's "speedy process rights." (Id.) The court finds, as it did above, that Plaintiff does not have a federal right to a speedy state post-conviction proceeding. Therefore, he does not state a claim in this regard.

He goes on to allege that the Board of supervisors contributed by approving insufficient money to ensure the clerk had money and/or that the public defender program has enough money to ensure prisoner inmate litigants are properly served. (ECF No. 1-1 at 13.) Plaintiff's broad complaints about funding to serve inmate litigants do not constitute any specific federal claim for relief.

Plaintiff further contends that the Board of Supervisors failed to provide oversight and procedural safeguards in the rule-making process of the Carson City District Attorney. (ECF No. 1-1 at 16.) Plaintiff does not state what safeguards he is referring to and how this violated his rights specifically. Again, these generalized conclusions do not state a plausible claim for relief.

In sum, Plaintiff fails to state any colorable claim for relief in Count III.

The court concludes that Plaintiff has failed to state any claim for relief in this Complaint, and makes the additional finding that amendment would be futile; therefore, the action should be dismissed with prejudice.

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order as follows:

(1) **GRANTING** Plaintiff's IFP application (ECF No. 1); however, Plaintiff should be required to pay an initial partial filing fee in the amount of $10.33. Thereafter, whenever his prison account exceeds $10, he should be required to make monthly payments in the amount of twenty percent of the preceding month's income credited to his account until the filing fee is paid.

(2) The Complaint (ECF No. 1-1) should be **FILED**.

(3) The action should be **DISMISSED WITH PREJUDICE**.

Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

DATED: June 30, 2017.

William G. Cobb
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

## IN THE SUPREME COURT OF THE STATE OF NEVADA

DANIEL ANDRADE-MENDOZA,
Petitioner,
vs.
THE FIRST JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CARSON CITY; AND THE
HONORABLE JAMES E. WILSON,
DISTRICT JUDGE,
Respondents.

No. 71722

**FILED**

MAR 3 1 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

### *ORDER DENYING REHEARING*

Petitioner has filed a petition for rehearing of this court's decision denying his original petition that sought a writ of mandamus directing respondents to resolve petitioner's postconviction petition for a writ of habeas corpus. With the rehearing petition, he provided documents indicating that his postconviction petition was filed in the district court in 2010. In response to the petition for rehearing, the State informs this court that the district court held an evidentiary hearing on the postconviction petition on January 18, 2017, and entered a written order denying the petition on February 23, 2017. This court's records indicate that petitioner has filed a notice of appeal from the district court's recent decision, which has been docketed in this court as Docket No.

17-10856

72380. As no further relief would be warranted on the petition for writ of mandamus, we deny the petition for rehearing. NRAP 40(c).

It is so ORDERED.

_Cherry_, C.J.
Cherry

_Douglas_, J.
Douglas

_Gibbons_, J.
Gibbons

cc:    Hon. James E. Wilson, District Judge
       Daniel Andrade-Mendoza
       Attorney General/Carson City
       Carson City District Attorney
       Carson City Clerk

REC'D & FILED

2017 FEB 23 AM 10: 53

SUSAN MERRIWETHER
CLERK

BY _____
DEPUTY

Electronically Filed
Mar 16 2017 02:41 p.m.
Elizabeth A. Brown
Clerk of Supreme Court

IN THE FIRST JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

IN AND FOR CARSON CITY

DANIEL ANDRADE-MENDOZA,

        Petitioner,

        v.

STATE OF NEVADA,

        Respondent.

Case No.    08 CR 00068 1B 001

Dept. No.   II

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

THIS MATTER having come before the Court on the Petition for Writ of Habeas Corpus filed by the Petitioner, DANIEL ANDRADE-MENDOZA, in proper person and the Supplement to the Petition filed by the Petitioner, by and through his counsel of record, Michael C. Novi, Esq., the Court having reviewed the Petition, the Supplement thereto, and the responses to both, filed by the Respondent, STATE OF NEVADA, by and through its counsel of record, JASON D. WOODBURY, District Attorney and Melanie A. Brantingham, Deputy District Attorney, the Court having reviewed all pleadings and papers on file herein, having considered the testimony and evidence present at the time of the evidentiary hearing, and having heard the arguments of counsel, now therefore, the Court hereby finds as follows:

////

////

////

////

Office of the District Attorney
Carson City, Nevada
885 East Musser St. Suite 2030, Carson City, Nevada 89701
Tel. (775) 887-2072 Fax (775) 887-2129

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

### I. THE DISTRICT ATTORNEY DID NOT BREACH THE PLEA AGREEMENT BY ARGUING AGAINST SUBSTANTIAL ASSISTANCE.

In his Supplemental Petition, the Petitioner alleges that the District Attorney's Office violated the plea agreement by arguing against substantial assistance. This allegation is based upon a plea offer letter, attached to the Supplemental Petition and admitted at the time of the hearing as Exhibit 1, which conveyed an offer to resolve the case to the Petitioner and his counsel. Petitioner argues that this letter bound the District Attorney to stand silent regarding the issue of substantial assistance, and that the District Attorney's arguments at sentencing that the Petitioner did not provide substantial assistance breached that agreement.

The Court finds no convincing evidence that the plea offer letter was a part of the final plea agreement reached between the parties. In fact, the Petitioner testified that he was not even aware of the letter until the time of the evidentiary hearing. Further, Mr. Gardner testified that offer letters such as that one are sent in every case.

This Court recognizes that plea agreements are subject to contract principles. *See*, *State v. Crockett*, 110 Nev. 838, 842 (1994). As such, the plea offer letter cannot be construed as a contract, and the District Attorney's Office is not bound by the terms thereof. Rather, the letter was simply an invitation to enter into a plea bargain agreement. The terms of the agreement between the parties, which became binding upon the Petitioner's entry of his guilty plea (*Van Buskirk v. State*, 102 Nev. 241, 243 (1986)), are contained within the Memorandum of Plea Negotiation on file in this case. Accordingly, the Court finds that the Petitioner has not met his burden in demonstrating that the District Attorney's Office breached the plea agreement.

### II. TRIAL COUNSEL WAS NOT INEFFECTIVE.

At the time of the hearing, the Petitioner raised, for the first time in these writ proceedings, an argument that trial counsel was ineffective for failing to present additional mitigation evidence at the time of sentencing.

Office of the District Attorney
Carson City, Nevada
885 East Musser St., Suite 2030, Carson City, Nevada 89701
Tel (775) 887-2072 Fax (775) 887-2129

Office of the District Attorney
Carson City, Nevada
885 East Musser St. Suite 2030, Carson City, Nevada 89701
Tel (775) 887-2072 Fax (775) 887-2129

1    Under the test established in *Strickland*, to prevail on a claim of ineffective assistance

2    of counsel, a claimant must make two showings. *Id.*, citing, *Strickland v. Washington*, 466

3    U.S. 668, 687, 140 S. Ct. 2052 (1984).    First, a claimant must show that counsel's

4    performance was deficient (*i.e.*, that counsel's representation fell below an objective standard

5    of reasonableness).    *Id.*    The inquiry on review must be whether, in light of all the

6    circumstances, counsel's assistance was reasonable. *Id.* A habeas corpus petitioner must

7    prove the disputed factual allegations underlying his ineffective assistance of counsel claims

8    by a preponderance of the evidence. *Id.*

9    Second, a claimant must show that counsel's deficient performance prejudiced the

10   defense. *Id.* Specifically, the claimant must show that there is a reasonable probability that,

11   but for counsel's unprofessional errors, the result of the proceeding would have been

12   different. *Id.* A reasonable probability is a probability sufficient to undermine confidence in

13   the outcome. *Id.*

14   Judicial review of counsel's representation is highly deferential.    *Id.*    To fairly assess

15   counsel's performance, the reviewing court must try to avoid the distorting effects of hindsight

16   and evaluate the conduct under the circumstances and from counsel's perspective at the

17   time. *Id.* at 1087.

18   **A.    TRIAL COUNSEL'S PERFORMANCE WAS NOT DEFICIENT BASED UPON
          AN OBJECTIVE STANDARD OF REASONABLENESS.**
19

20   Based upon the evidence and testimony presented in this case, the Court finds no

21   convincing evidence that Ms. Ryba's performance was deficient in any respect.  The evidence

22   demonstrates that Ms. Ryba presented all information available to her and made all available

23   arguments in an effort to achieve the best possible sentence for the Petitioner.  There is no

24   credible evidence that any mitigation evidence existed, of which Ms. Ryba was aware, that

25   she failed to present to the Court at the time of sentencing.

26   **B.    THE PETITIONER SUFFERED NO PREJUDICE.**

27   This Court finds that that there was no prejudice to the Petitioner as a result of any of

28   trial counsel's actions.  There is no reasonable probability that, but for trial counsel's errors,

1 the result would have been different. There was no convincing evidence presented either in

2 the briefs or at the time of the evidentiary hearing which would have made a difference in the

3 sentence.

4     This Court has previously determined, and reaffirms herein, that for a defendant to

5 meet the standard for substantial assistance, the defendant needs to make timely, forthright

6 and substantial assistance. The Petitioner failed to meet the standard for substantial

7 assistance in this case. The Court finds, as Mr. Gardner testified to and stated at the time of

8 the sentencing, that the Petitioner was not forthcoming regarding his source of supply for

9 controlled substances. Further, the other information provided was stale and, while it may

10 have corroborated some information already known to law enforcement, the court found then,

11 and reaffirms today, that the information provided by the Petitioner did not rise to the level of

12 substantial assistance. The Court concludes that none of the evidence or testimony

13 presented at the evidentiary hearing would have changed that finding.

14 **O R D E R**

15     Based upon the Findings of Fact and Conclusions of Law set forth above, now

16 therefore,

17     IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus is DENIED.

18 DATED this _2/_ day of _February_____, 2017.

19

20                   _James E. Wilson_____

21                   JAMES E. WILSON, JR.
                  DISTRICT JUDGE

Office of the District Attorney
Carson City, Nevada
885 East Musser St. Suite 2030, Carson City, Nevada 89701
Tel (775) 887-2072 Fax (775) 887-2129

## CERTIFICATE OF SERVICE

I certify that I am an employee of the First Judicial District Court of Nevada; that on the _23_ day of February, 2017, I served a copy of this document by placing a true copy in an envelope addressed to:

Daniel Andrade Mendoza #1031176
NNCC P.O. Box 7000
Carson City, NV 89702

Melanie Brantingham, DDA
District Attorney's Office
885 E. Musser St., Ste 2030
Carson City, NV 89701

the envelope sealed and then deposited in the Court's central mailing basket in the court clerk's office for delivery to the USPS at 1111 South Roop Street, Carson City, Nevada, for mailing.

Judicial Assistant

REC'D & FILE

2017 FEB 24 AM 11: 14

SUSAN MERRIWETHER
CLERK

DEPUTY

# In The First Judicial District Court of the State of Nevada

# In and for Carson City

| | |
|---|---|
| DANIEL ANDRADE-MENDOZA , <br>          Plaintiff <br><br>      vs <br><br> STATE OF NEVADA , <br>          Defendant. | Case No.: 08 CR 00068 1B <br><br> Dept. No.: II <br><br> **NOTICE OF ENTRY OF DECISION OR ORDER** |

PLEASE TAKE NOTICE that on the 23RD day of FEBRUARY, 2017, the Court entered a decision or order in this matter, a true and correct copy of which is attached to this Notice.

You may appeal to the Supreme Court from the decision or order of this Court. If you wish to appeal, you must file a Notice of Appeal with the Clerk of this Court within 33 days after the date this Notice is mailed to you. This Notice was mailed on the 24TH day of FEBRUARY, 2017.

DATED this 24TH day of FEBRUARY, 2017.

SUSAN MERRIWETHER, Clerk

By _____ , Deputy

cc:     DANILE ANDRADE-MENDOZA
         NA
         Adam Paul Laxalt, Attorney General
         JASON WOODBURY, District Attorney

REC'D & FILED

2017 FEB 23 AM 10: 53

SUSAN MERRIWETHER
CLERK
BY_____ 
DEPUTY

IN THE FIRST JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

IN AND FOR CARSON CITY

DANIEL ANDRADE-MENDOZA,

        Petitioner,

        v.

STATE OF NEVADA,

        Respondent.

Case No.     08 CR 00068 1B 001

Dept. No.    II

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

    THIS MATTER having come before the Court on the Petition for Writ of Habeas Corpus filed by the Petitioner, DANIEL ANDRADE-MENDOZA, in proper person and the Supplement to the Petition filed by the Petitioner, by and through his counsel of record, Michael C. Novi, Esq., the Court having reviewed the Petition, the Supplement thereto, and the responses to both, filed by the Respondent, STATE OF NEVADA, by and through its counsel of record, JASON D. WOODBURY, District Attorney and Melanie A. Brantingham, Deputy District Attorney, the Court having reviewed all pleadings and papers on file herein, having considered the testimony and evidence present at the time of the evidentiary hearing, and having heard the arguments of counsel, now therefore, the Court hereby finds as follows:

////

////

////

////

Office of the District Attorney
Carson City, Nevada
885 East Musser St., Suite 2030, Carson City, Nevada 89701
Tel. (775) 887-2072 Fax (775) 887-2129

# FINDINGS OF FACT AND CONCLUSIONS OF LAW

**I. THE DISTRICT ATTORNEY DID NOT BREACH THE PLEA AGREEMENT BY ARGUING AGAINST SUBSTANTIAL ASSISTANCE.**

In his Supplemental Petition, the Petitioner alleges that the District Attorney's Office violated the plea agreement by arguing against substantial assistance. This allegation is based upon a plea offer letter, attached to the Supplemental Petition and admitted at the time of the hearing as Exhibit 1, which conveyed an offer to resolve the case to the Petitioner and his counsel. Petitioner argues that this letter bound the District Attorney to stand silent regarding the issue of substantial assistance, and that the District Attorney's arguments at sentencing that the Petitioner did not provide substantial assistance breached that agreement.

The Court finds no convincing evidence that the plea offer letter was a part of the final plea agreement reached between the parties. In fact, the Petitioner testified that he was not even aware of the letter until the time of the evidentiary hearing. Further, Mr. Gardner testified that offer letters such as that one are sent in every case.

This Court recognizes that plea agreements are subject to contract principles. *See, State v. Crockett*, 110 Nev. 838, 842 (1994). As such, the plea offer letter cannot be construed as a contract, and the District Attorney's Office is not bound by the terms thereof. Rather, the letter was simply an invitation to enter into a plea bargain agreement. The terms of the agreement between the parties, which became binding upon the Petitioner's entry of his guilty plea (*Van Buskirk v. State*, 102 Nev. 241, 243 (1986)), are contained within the Memorandum of Plea Negotiation on file in this case. Accordingly, the Court finds that the Petitioner has not met his burden in demonstrating that the District Attorney's Office breached the plea agreement.

**II. TRIAL COUNSEL WAS NOT INEFFECTIVE.**

At the time of the hearing, the Petitioner raised, for the first time in these writ proceedings, an argument that trial counsel was ineffective for failing to present additional mitigation evidence at the time of sentencing.

1    Under the test established in *Strickland*, to prevail on a claim of ineffective assistance

2    of counsel, a claimant must make two showings. *Id.*, *citing*, *Strickland v. Washington*, 466

3    U.S. 668, 687, 140 S. Ct. 2052 (1984). First, a claimant must show that counsel's

4    performance was deficient (*i.e.*, that counsel's representation fell below an objective standard

5    of reasonableness). *Id.* The inquiry on review must be whether, in light of all the

6    circumstances, counsel's assistance was reasonable. *Id.* A habeas corpus petitioner must

7    prove the disputed factual allegations underlying his ineffective assistance of counsel claims

8    by a preponderance of the evidence. *Id.*

9    Second, a claimant must show that counsel's deficient performance prejudiced the

10   defense. *Id.* Specifically, the claimant must show that there is a reasonable probability that,

11   but for counsel's unprofessional errors, the result of the proceeding would have been

12   different. *Id.* A reasonable probability is a probability sufficient to undermine confidence in

13   the outcome. *Id.*

14   Judicial review of counsel's representation is highly deferential. *Id.* To fairly assess

15   counsel's performance, the reviewing court must try to avoid the distorting effects of hindsight

16   and evaluate the conduct under the circumstances and from counsel's perspective at the

17   time. *Id.* at 1087.

18   **A.    TRIAL COUNSEL'S PERFORMANCE WAS NOT DEFICIENT BASED UPON**
     **AN OBJECTIVE STANDARD OF REASONABLENESS.**
19

20   Based upon the evidence and testimony presented in this case, the Court finds no

21   convincing evidence that Ms. Ryba's performance was deficient in any respect. The evidence

22   demonstrates that Ms. Ryba presented all information available to her and made all available

23   arguments in an effort to achieve the best possible sentence for the Petitioner. There is no

24   credible evidence that any mitigation evidence existed, of which Ms. Ryba was aware, that

25   she failed to present to the Court at the time of sentencing.

26   **B.    THE PETITIONER SUFFERED NO PREJUDICE.**

27   This Court finds that that there was no prejudice to the Petitioner as a result of any of

28   trial counsel's actions. There is no reasonable probability that, but for trial counsel's errors,

Office of the District Attorney
Carson City, Nevada
885 East Musser St. Suite 2030, Carson City, Nevada 89701
Tel: (775) 887-2072 Fax: (775) 887-2129

1   the result would have been different. There was no convincing evidence presented either in

2   the briefs or at the time of the evidentiary hearing which would have made a difference in the

3   sentence.

4       This Court has previously determined, and reaffirms herein, that for a defendant to

5   meet the standard for substantial assistance, the defendant needs to make timely, forthright

6   and substantial assistance. The Petitioner failed to meet the standard for substantial

7   assistance in this case. The Court finds, as Mr. Gardner testified to and stated at the time of

8   the sentencing, that the Petitioner was not forthcoming regarding his source of supply for

9   controlled substances. Further, the other information provided was stale and, while it may

10  have corroborated some information already known to law enforcement, the court found then,

11  and reaffirms today, that the information provided by the Petitioner did not rise to the level of

12  substantial assistance. The Court concludes that none of the evidence or testimony

13  presented at the evidentiary hearing would have changed that finding.

14                                    **O R D E R**

15      Based upon the Findings of Fact and Conclusions of Law set forth above, now

16  therefore,

17      IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus is DENIED.

18  DATED this __21__ day of __February_____, 2017.

19

20                                    _____

21                                    JAMES E. WILSON, JR.
                                      DISTRICT JUDGE

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

  I certify that I am an employee of the First Judicial District Court of Nevada; that

on the $23$ day of February, 2017, I served a copy of this document by placing a true

copy in an envelope addressed to:

Daniel Andrade Mendoza #1031176  Melanie Brantingham, DDA
NNCC P.O. Box 7000      District Attorney's Office
Carson City, NV 89702      885 E. Musser St., Ste 2030
              Carson City, NV 89701

the envelope sealed and then deposited in the Court's central mailing basket in the court

clerk's office for delivery to the USPS at 1111 South Roop Street, Carson City, Nevada, for

mailing.


Judicial Assistant