UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DANIEL ANDRADE MENDOZA,<br><br>       Plaintiff,<br> v.<br>KAREN ABOWD, *et al.*,<br><br>       Defendants. | Case No. 3:17-cv-00160-MMD-WGC<br><br>ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE WILLIAM G. COBB |

Before the Court is the Report and Recommendation of United States Magistrate Judge William G. Cobb (ECF No. 3) ("R&R" or "Recommendation") relating to Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 1) and *pro se* Complaint (ECF No. 1-1). Plaintiff filed an objection thereto on July 12, 2017 ("Objection"), and a supplemental objection on July 13, 2017 ("Supplemental Objection") (ECF Nos. 4 & 5). The Supplemental Objection was filed without leave of court in violation of LR 7-2(g). Nevertheless, the Court has considered the Supplemental Objection.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). In light of Plaintiff's objection, the Court engages in a *de novo* review to determine whether to adopt Magistrate Judge Cobb's Recommendation.

The Magistrate Judge recommended that the Court grant Plaintiff's application to proceed *in forma pauperis.* The Magistrate Judge further recommended that this case be dismissed with prejudice for failure to state any claim for relief because amendment would be futile. Upon reviewing the Recommendation and Plaintiff's filings, the Court agrees with the Magistrate Judge. The arguments raised in Plaintiff's Objection and Supplemental Objection do not affect the Magistrate Judge's reasoning. For example, Plaintiff argues that the Magistrate Judge did not consider that the state court judge failed to enforce his order to the district attorney to respond to the petition for writ of habeas corpus, and that such control of "ministerial acts is not a discretionary judgment." (ECF No. 4 at 5.) However, even accepting Plaintiff's allegations, the state court judge nevertheless enjoyed absolute immunity because the allegations affect the proceedings before the judge. *See Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam) (Although unfairness and injustice to a litigant may result on occasion, "it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.") As another example, the Magistrate Judge found that to the extent Plaintiff seeks relief under 42 U.S.C. § 1981, he fails to state a claim because a habeas petition is not a contract. (ECF No. 3 at 6.) Plaintiff disagrees, arguing that the "U.S. Constitution is a social contract . . .; the Constitution protects the habeas corpus action." ECF No. 4 at 9.) Plaintiff is wrong. A petition for writ of habeas corpus is a request for the court to determine if the petitioner was unlawfully detained. It is not a legal contract. Accordingly, the Court finds good cause to adopt the Magistrate Judge's Recommendation in full.

It is therefore ordered, adjudged and decreed that the Report and Recommendation of Magistrate Judge William G. Cobb (ECF No. 3) is accepted and adopted in its entirety.

It is further ordered that Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 1) is granted; however, Plaintiff is required to pay the initial partial filing fee in the

amount of $10.33. Thereafter, whenever his prison account exceeds $10, he will be required to make monthly payments in the amount of twenty percent of the preceding month's income credited to his account until the filing fee is paid.

It is further ordered that the Clerk file the Complaint (ECF No. 1-1).

It is ordered that this action is dismissed with prejudice.

The Clerk is instructed to enter judgment accordingly and close this case.

DATED THIS 23rd day of October 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE